## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

HEWITT A. GRANT, II and
JEROME BOYNTON,

     Plaintiffs,

v.                                 Case No.  5:20-cv-307-RV-MJF

MARK INCH, *et al.*,

     Defendants.

_____/

## **REPORT AND RECOMMENDATION**

     Hewitt A. Grant, II (DC #H12344), a Florida prisoner proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983, on behalf of himself and, purportedly, prisoner Jerome Boynton (DC #855565).[1] The complaint alleges that the Secretary of the Florida Department of Corrections and the Warden of Calhoun Correctional Institution are failing to adequately protect prisoners at Calhoun CI from the COVID-19 virus. (Doc. 1). Grant and Boynton each filed an individual motion to proceed *in forma pauperis*. (Docs. 2, 3).

---

[1] Only Plaintiff Grant signed the complaint. (Doc. 1 at 21).

The Eleventh Circuit has held that prisoners may not join together in a single civil lawsuit so as to share the mandatory filing fee. *Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001). The *Hubbard* court determined that "the intent of Congress in promulgating the [Prison Litigation Reform Act] was to deter frivolous civil actions brought by prisoners by requiring each individual prisoner to pay the full amount of the required fee." *Id*. at 1195. The appropriate disposition of a multiple-plaintiff-prisoner action is to dismiss the case without prejudice and require each plaintiff to file a separate complaint in an individual action accompanied by the full filing fee or an application to proceed *in forma pauperis*. *Id*. at 1195, 1198; *see also e.g., Bowens v. Turner Guilford Knight Det.*, 510 F. App'x 863 (11th Cir. 2013) (affirming district court's dismissal, under *Hubbard*, of civil rights complaint in which six inmates of a jail in Miami, Florida, attempted to join their claims in a single lawsuit).

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1.    This case be **DISMISSED** without prejudice to each Plaintiff filing a new individual complaint on his own behalf, and either paying the full

$400.00 fee ($350.00 filing fee and $50.00 administrative fee) or submitting

an individual application to proceed *in forma pauperis*.

2.      The Clerk of Court close this case file.

At Panama City, Florida, this <u>17th</u> day of November, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**


## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**